UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                       :
JAMES DAVID VERNON-HUNT,         :
                                         :
                     Petitioner,   :
                                         :               22-CV-5181 (VSB)
         - against -                :
                                         :         **OPINION & ORDER**
                                         :
CARLOS GUZMAN,                         :
                                         :
                     Respondent. :
-----------------------------------------------------------X

<u>Appearances</u>:

James David Vernon-Hunt
12b Durham Terrace
W2 5PB
London, UK
*Pro Se Petitioner*

<u>VERNON S. BRODERICK</u>, United States District Judge:

        Before me is the petition of pro se Petitioner James Vernon-Hunt ("Petitioner") to

confirm an arbitration award granted by the Financial Industry Regulatory Authority Dispute

Resolution Services.  Because I find that there is no genuine issue as to any material fact and no

indication in the record that any grounds for vacating or modifying the arbitration award exist,

the petition is GRANTED, and the arbitration award is CONFIRMED.

       **I.**        **Factual Background and Procedural History**[1]

        Petitioner is a resident of London, England.  (Pet. ¶ 6.)  Respondent Carlos Guzman

("Respondent" or "Guzman") is a financial professional residing in Chicago, Illinois.  (*See id.* ¶

---

[1] The following facts are drawn from the Petition to Confirm Arbitration Award (the "Petition" or "Pet."), (Doc. 1), and the supporting evidence submitted by Petitioner, including the opinion and award of Arbitrator Carol Maria Luttati in this matter (the "Award"), (*see id.* Ex. 1).

7.)  In the summer of 2013, Petitioner was the victim of a fraud "involving the supposed purchase of repossessed properties in South Chicago."  (*Id.* ¶ 9.)  At the time, Respondent was personally registered with the Financial Industry Regulatory Authority ("FINRA") and was an employee of U.S. Bancorp Investments, Inc. ("USBI"), also a member of FINRA.  (*See id.* ¶¶ 7, 8, 9; *see also id.* Ex. 2.)  On July 26, 2013, Respondent sent an email falsely claiming that Respondent would open a bank account for Petitioner so that Petitioner could buy the repossessed properties.  (*See id.* ¶ 11.)  Respondent's email induced Petitioner to "transfer considerable funds," deceived Petitioner "into believing that the property transfers were going to go through imminently," and falsely implied "that such bank account was immediately necessary to handle the imminent profit from rental income which the Petitioner could expect within days." (*Id.*)

On May 31, 2019, Petitioner filed a statement of claim against Guzman and USBI, alleging violations of various FINRA rules.  (*See id.* ¶¶ 13, 14.)  USBI appeared in the arbitration and filed a motion to dismiss for lack of jurisdiction, which the arbitration panel granted.  (*See id.* ¶¶ 15, 16, 17.)  Guzman, on the other hand, never responded to Petitioner's statement of claim.  (*See id.* ¶¶ 18, 19.)  On January 12, 2020, the arbitration panel issued an order indicating that Guzman was no longer registered with FINRA.  (*See id.* ¶ 18.)  Accordingly, the arbitration panel said that the case would be "decided solely on the filings with FINRA made by the Claimant."  (*Id.* (citing FINRA, Rule 12801 (governing default proceedings against members whose FINRA membership has been terminated).)  The arbitration panel ordered Petitioner to "provide all documentation which supports the allegations contained in the Statement of Claim," especially "documentation for all payments made."  (*Id.*)  On February 5, 2020, Petitioner "uploaded at least fourteen exhibits to FINRA's DR Portal" as directed, including "emails and

text messages between Petitioner and Guzman as well as at least four receipts of monetary transfers." (*Id.* ¶ 20.)  On March 23, 2020, the arbitration panel issued a final award denying all of Petitioner's claims on the grounds that "[n]o additional documentation was received from the Claimant." (*See id.* ¶ 19.)

On June 22, 2020, Petitioner filed a petition to vacate the arbitration award in the Southern District of New York.  (*See id.* ¶ 23; *see also Vernon-Hunt v. Guzman*, No. 20-CV-4755 (AJN), 2021 WL 4950622 (S.D.N.Y. Oct. 25, 2021) ("*Vernon-Hunt I*").)  Guzman again failed to appear in the action.  (*See* Pet. ¶ 24.)  On October 25, 2021, Judge Alison J. Nathan granted Petitioner's motion to vacate the award as to Guzman, finding that "Petitioner has carried the heavy burden of demonstrating that he was denied 'fundamental fairness' because the panel, by its own admission, never considered the documents that he submitted that formed the exclusive basis for the award." *Vernon-Hunt I*, 2021 WL 4950622, at *3.[2]

On November 10, 2021, Petitioner refiled his Statement of Claim against Guzman.  (*See id.* ¶ 31.)  Petitioner sought "compensatory damages not less than $506,433.00; interest; and arbitration costs." (*See id.* Ex. 1 at 1.)  Guzman again failed to respond.  (*See id.* ¶ 31.)  On January 19, 2022, Arbitrator Carol Maria Luttati issued a final award granting Petitioner $423,833 in compensatory damages plus interest at the rate of 9% per annum from August 30, 2013, until the award is paid in full.[3]  (*See id.* ¶ 32; *id.* Ex. 1 at 2.)  Guzman did not move to vacate the award.  (*See id.* ¶ 33.)

On June 20, 2022, Petitioner filed the instant motion to confirm the arbitration award.

---

[2] However, Judge Nathan denied Petitioner's motion to vacate the award as to USBI, finding that "the arbitration panel did not exceed its authority by granting USBI's motion to dismiss." *Vernon-Hunt I*, 2021 WL 4950622, at *5. Petitioner's claims against USBI are not at issue here.

[3] Separately, FINRA will assess a $1,725 initial claim filing fee and a $20 haring session fee against Respondent. (Pet. Ex. 1 at 2–3.)

(*See generally id.*)  On July 19, 2022, Petitioner filed an affidavit of service.  (Doc. 7.)  The deadline for Guzman to respond was August 8, 2022.  (*See* Doc. 7.)  To date, Guzman has not appeared or responded to the Petition.  On October 25, 2022, Petitioner filed a proposed order to show cause for default judgment.  (Doc. 16.)

## II.   **Applicable Law**

The FAA provides a "streamlined" process for a party seeking "a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it."  *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).  In reviewing an arbitration award, a federal district court "can confirm and/or vacate the award, either in whole or in part."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006).  Specifically, under section 9 of the FAA, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11."  *Hall St. Assocs.*, 552 U.S. at 582 (quoting 9 U.S.C. § 9).  Under section 10 of the FAA, a district court may vacate an arbitration award on four grounds, including "where there was evident partiality or corruption in the arbitrators, or either of them" or "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced."  9 U.S.C. § 10(a)(2), (3).  "Consistent with federal policy favoring arbitration, these vacatur provisions are to be accorded the narrowest of readings."  *Beljakovic v. Melohn Properties, Inc.*, No. 04 CIV. 3694 JMF, 2012 WL 5429438, at *2 (S.D.N.Y. Nov. 7, 2012), aff'd, 542 F. App'x 72 (2d Cir. 2013) (internal quotation marks omitted).  The Second Circuit has found "as judicial gloss on these specific grounds for vacatur of arbitration awards," that a "court may set aside an arbitration award if it was rendered in manifest disregard of the law."  *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451 (2d Cir. 2011) (internal quotation marks

4

omitted) (collecting cases).

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair*, 462 F.3d at 109.  Instead, an unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *Id.* at 110.  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).  "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.*  As with a motion for summary judgment, "[e]ven unopposed motions . . . must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).  In other words, "the showing required to avoid confirmation is very high." *D.H. Blair*, 462 F.3d at 110.

### III.   Application

I have reviewed the Petition and the Award and find that no genuine issues of material fact exist in this case.  In addition, there is no indication that the Award was procured through fraud or dishonesty or that the arbitrator was acting outside the scope of her authority.  Rather, the record demonstrates that the arbitrator based her award on undisputed evidence presented by Petitioner.  Accordingly, Petitioner's motion is granted, and the Award is confirmed.  *See, e.g.*, *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, & Training Program Fund v. IBEX Constr., LLC*, No. 18-CV-2797 (VSB), 2019 WL 2281276, at *3 (S.D.N.Y. May 29, 2019) (confirming arbitration award where respondent did not oppose

petition and record supported arbitrator's findings); *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, & Training Program Fund v. Decent Gen. Constr. Corp.*, No. 18-CV-4878 (VSB), 2019 WL 1434300, at *3 (S.D.N.Y. Mar. 31, 2019) (same); *Trs. For the Mason Tenders Dist. Council Welfare Fund v. DCM Grp., L.L.C.*, No. 7:13-cv-1925 (NSR), 2017 WL 384690, at *4 (S.D.N.Y. Jan. 25, 2016) (same).

## IV.   <u>Conclusion</u>

For the foregoing reasons, Petitioners' motion is GRANTED.  The Award is CONFIRMED, and the Clerk of Court is directed to enter judgment in favor of Petitioner and against Respondent in the amount of $423,833 in compensatory damages plus interest at the rate of 9% per annum from August 30, 2013, until the award is paid in full.

The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: November 15, 2022
       New York, New York

Vernon S. Broderick
United States District Judge